UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JOVICA PETROVIC, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 5: 17-77-DCR |
| | ) |
| v. | ) |
| | ) |
| FRANCISCO QUINTANA, Warden, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate/Petitioner Jovica Petrovic is currently confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Petrovic has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] For the reasons set forth below, Petrovic's petition will be denied.

In the late 2000s, Petrovic took pictures and recorded videos of his wife performing sexual acts, took pictures of her attempted suicide, and saved thousands of her text messages. *See United States v. Petrovic*, No. 12-1427 (8th Cir. 2012). Then, after Petrovic's wife informed him that she was ending their relationship, Petrovic threatened to post her text messages and their sexual encounters on the internet. *See id.* When Petrovic's wife ended the relationship, Petrovic carried out his threats by posting the material online and informing members of his wife's community that he had done so. *See id.*

In 2010, a federal grand jury indicted Petrovic. He was subsequently convicted of multiple crimes, including interstate stalking and interstate extortionate communications. *See*

*id.* Petrovic's convictions were upheld on direct appeal. *See id.* Petrovic challenged the legality of his detention and sentence by filing a motion pursuant to 28 U.S.C. § 2255. However, the United States District Court for the Eastern District of Missouri denied that motion and the Eighth Circuit denied Petrovic a Certificate of Appealability. [Record No. 1 at 2-3]

Petrovic then filed his § 2241 petition with this Court. [Record No. 1] In the petition, Petrovic attempts to challenge his criminal convictions and related sentence by claiming that his rights were violated. [Record No. 1 at 5-6] Among other things, Petrovic suggests that his trial attorney provided ineffective assistance of counsel because that attorney "failed to interview, to investigate, to present and disclose critical exculpatory evidence by trial, and to call key witnesses." [Record No. 1 at 5] Petrovic adds that the trial court ran afoul of his constitutional rights by not following past precedent and not following the definition of extortion as outlined in the Model Penal Code and the Hobbs Act. [Record No. 1 at 6] These are just a few of the claims that Petrovic makes challenging his underlying convictions and sentence. [Record No. 1 at 6-20]

Petrovic's § 2241 petition is an impermissible collateral attack on his convictions and sentence. That is because while a federal prisoner may challenge the legality of his conviction or sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001). Instead, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is

being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Petrovic cannot use a § 2241 petition as a way of once again challenging his convictions and sentence.

Petrovic suggests that he can attack his convictions and sentence through his § 2241 petition by repeatedly claiming that he is "actually innocent." [Record No. 1 at 1, 6, 20]. But that suggestion is off base. To be sure, the Sixth Circuit has said that "the so-called 'savings clause' of section 2255 provides that if section 2255 is 'inadequate or ineffective to test the legality of his detention, . . . then a federal prisoner may also challenge the validity of his conviction or sentence under § 2241." *Bess v. Walton*, 468 F. App'x 588, 589 (6th Cir. 2012) (citations and quotation marks omitted). However, the Sixth Circuit has further explained that "[i]nvocation of the savings clause is restricted to cases where prisoners can show 'an intervening change in the law that establishes their actual innocence.'" *Id.* (quoting *Peterman*, 249 F.3d at 462). In subsequent cases, the Sixth Circuit has explained how a prisoner can rely on an intervening change in the law to establish his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or even challenge a sentence enhancement. *See Hill v. Masters*, 836 F.3d 591, 595-600 (6th Cir. 2016).

Despite Petrovic's repeated claims that he is "actually innocent," it does not appear from his petition that he is relying on an intervening change in the law to attack his convictions and sentence or that he otherwise meets the requirements set forth in either the *Wooten* or *Hill* cases. Rather, it appears that Petrovic is simply trying to re-litigate claims that he either made or could have made in his previously-denied § 2255 motion. Since that is not proper in a § 2241 petition, it is hereby

**ORDERED** as follows:

1. Petrovic's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This 9th day of June, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge